IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-16-0259** |
| **JOSE ALBERTO SIBRIAN GARCIA,** | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On March 6, 2025, the Court denied several post-conviction motions filed by Jose Alberto Sibrian Garcia in a Memorandum and Order. (ECF No. 1789.) Among those motions the Court denied was a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (*Id.* at 6–7.) Petitioner appealed the Court's Memorandum and Order. (*See* ECF No. 1790.) The Fourth Circuit has remanded the case "for the limited purpose of permitting the district court to supplement the record with an order granting or denying a certificate of appealability." (ECF No. 1794.) The Court concludes that a certificate of appealability should not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Petitioner does not satisfy these standards. As the Court previously concluded, Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255 was untimely. (ECF No. 1789 at 6–7.) Judgment became final on February 26, 2020, and Petitioner did not file his Motion to Vacate Pursuant to 28 U.S.C. § 2255 until over four years later, on September 16, 2024. (*Id.*) The Court also concluded that he was not entitled to equitable tolling that would excuse this delay. (*Id.*) The Court concludes that there is no basis to grant a certificate of appealability.

Accordingly, a certificate of appealability SHALL NOT ISSUE.

DATED this __2__ day of ~~March,~~ April, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge